IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FISHER,<br><br>    *Plaintiff,*<br><br>v.<br><br>TRANS UNION, LLC., *et al.*,<br><br>    *Defendants*. | CIVIL ACTION<br>NO. 19-679 |

**PAPPERT, J.**                                               May 23, 2019

## **MEMORANDUM**

Michael Fisher sued Discover Products Inc.[1] and six other entities alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Discover moved to compel arbitration. For the reasons that follow, the Court grants the Motion and stays Fisher's claim against Discover Products.

I

Fisher's Cardmember Agreement with Discover contains the following arbitration clause:

> **Agreement to arbitrate.** If a dispute arises between you and us, either may choose to resolve the dispute by binding arbitration, as described below, instead of in court. Any claim (except for a claim challenging the validity or enforceability of this arbitration agreement, including the Class Action Waiver) may be resolved by binding arbitration if either side requests it. This includes claims and disputes relating to any other Account or agreement you have or had with us. THIS MEANS IF EITHER YOU OR WE CHOOSE ARBITRATION, NEITHER PARTY SHALL HAVE THE

---

[1] The Complaint names "Discover Bank" as a defendant. Discover's counsel entered appearances on behalf of "Discover Financial Services, Inc.," *see* (ECF Nos. 2–3), and filed this Motion on behalf of "Discover Products Inc." *See* (ECF No. 22). Discover's Corporate Disclosure Statement (ECF No. 24) clarifies that Defendant Discover Products Inc. is a wholly-owned subsidiary of Discover Bank, which is a wholly-owned subsidiary of Discover Financial Services.

1

RIGHT TO LITIGATE SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL. ALSO DISCOVERY AND APPEAL RIGHTS ARE LIMITED IN ARBITRATION.
. . .
**Governing Law and Rules.** This arbitration agreement is governed by the Federal Arbitration Act (FAA).
. . .
**Fees and Costs.** If you wish to begin an arbitration against us but you cannot afford to pay the organization's or arbitrator's costs, we will pay those costs if you ask us in writing. Any request should be sent to Discover, PO Box 30421, Salt Lake City, UT 84130-0421.
. . .
**Survival of this Provision.** This arbitration provision shall survive:
- closing of your Account;
- voluntary payment of your Account or any part of it;
- any legal proceedings to collect money you owe;
- any bankruptcy by you; and
- any sale by us of your Account.

(Def.'s Mot. Compel Ex. 1 ("Agreement") 3, ECF No. 22.)

On June 30, Fisher filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania. (Compl. ¶ 16, ECF No. 1.) The court issued an order discharging Fisher's debt to Discover and other creditors on October 26, 2017. (*Id.* at ¶ 17.) Fisher claims that Discover has failed to note his bankruptcy discharge and inaccurately reported his account information since that date. (*Id.* at ¶¶ 12–18.)

II

In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, the Third Circuit Court of Appeals held that where "it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (quoting *Somerset Consulting,*

2

*LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)); *see also Brown v. Sklar-Markind*, 2014 WL 5803135 at *6 (W.D. Pa. Nov. 7, 2014) (collecting cases in which district courts rely on the motion to dismiss standard where "the Plaintiff does not dispute the fact that he executed an agreement to arbitrate, and the complaint, undisputed averments and undisputed documents attached to the motion to compel and response do not require the court to make factual findings in order to determine arbitrability"). The Rule 12(b)(6) standard "is inappropriate when . . . the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound.'" *Guidotti*, 716 F.3d at 774 (quoting *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 55 (3d Cir. 1980)).

Fisher does not dispute that he entered the Cardmember Agreement with Discover or that the arbitration provision governs his claim. Rather, he argues that the Agreement is no longer valid and enforceable because the bankruptcy discharge relieved him from all contractual obligations to Discover. *See* (Pl.'s Mem. Opp'n Mot. Dismiss ("Pl.'s Mem.") 5, ECF No. 25). This is a legal, rather than factual, challenge to arbitrability. The Court accordingly considers Discover's Motion under a Rule 12(b)(6) standard. *See Brown*, 2014 WL 5803135 at *7.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the facts pleaded "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a Rule 12(b)(6) motion, the

3

Court first must separate the legal and factual elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11. The Court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

III

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, sets forth a federal policy that favors arbitration and "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4) (emphasis omitted). The FAA provides that a written provision in a commercial contract showing an agreement to settle disputes by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).

Fisher believes his bankruptcy discharge rendered the entire Cardmember Agreement invalid and unenforceable. He offers no legal support for this position, instead citing generally to Congress's power to discharge debtors' personal obligations and the federal courts' inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See* (Pl.'s Mem. 5–6 (citing *Louisville*

4

*Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589 (1935) and *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017)).

It is well-settled that a bankruptcy discharge "extinguishes *only* the 'personal liability of the debtor.'" *Johnson v. Home State Bank*, 501 U.S. 78, 83, (1991) (emphasis in original) (quoting U.S.C. § 524(a)(1)). Bankruptcy discharge does not render an underlying arbitration agreement between the debtor and his creditor unenforceable. *See Winton v. Trans Union, LLC*, 2019 WL 1932342 at *4 (E.D. Pa. May 1, 2019) (citing cases). The arbitration provision of Fisher's Agreement with Discover is therefore valid and enforceable.[2]

IV

"[C]ourts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter Reynolds*, 470 U.S. at 221). The Court accordingly refers Fisher's claim against Discover for arbitration.[3]

The FAA provides that "the court . . . upon being satisfied that the issue . . . is referable to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Discover moved to stay this action pending arbitration, so

---

[2] Fisher agreed to this exact result when he opened his Discover account. The Agreement states that the "arbitration provision shall survive . . . any bankruptcy by you." (Agreement 3.)

[3] In his brief, Fisher argues that if the Court deems the Agreement enforceable, it should order Discover "to file for . . . arbitration . . . and pay all costs for arbitration." (Pl.'s Mem. 6–7.) The Order accompanying this Memorandum refers Fisher's claim to arbitration pursuant to the terms of the parties' Agreement. With respect to costs, the Agreement outlines the procedure by which Fisher can ask Discover to pay if he cannot afford it. *See* (Agreement 3 ("If you wish to begin an arbitration against us but you cannot afford to pay the organization's or arbitrator's costs, we will pay those costs if you ask us in writing. Any request should be sent to Discover, PO Box 30421, Salt Lake City, UT 84130-0421.")).

5

Fisher's claim against Discover shall be stayed and placed in civil suspense pending the outcome of arbitration.  *See Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004).

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.